

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 21, 1962

Hon. P. Frank Lake
Secretary of State
Austin, Texas

Opinion No. WW-1285

Re: Authority to file instruments
submitted by foreign bank
under Section 105a Texas
Probate Code.

Dear Sir:

You have requested the opinion of this office concerning the authority and obligation of your office to accept for filing instruments tendered by a bank chartered in a state or territory of the United States other than Texas, pursuant to the provisions of Section 105a of the Texas Probate Code. Although your inquiry referred to a specific bank, the answers to the questions you presented are not, in our opinion, dependent upon the factual background of the specific bank, and they are, therefore, treated generally.

Section 105a of the Texas Probate Code which became law in 1961 (Acts 1961, 57th Leg., p. 46, ch. 31), provides in part as follows:

"Section 105a. Appointment and Service of Foreign Banks and Trust Companies in Fiduciary Capacity.

(a) Any bank or trust company organized under the laws of, and having its principal office in, the District of Columbia or any territory or state of the United States of America, other than the State of Texas, and any national bank having its principal office in the District of Columbia or such territory or other state (all such banks or trust companies being hereinafter sometimes called "foreign banks or trust companies"), having the corporate power to so act, may be appointed and may serve in the State of Texas as trustee (whether of a personal or corporate trust), executor, administrator, guardian of the estate, or in any other fiduciary capacity, whether the appointment be by will, deed, agreement, declaration, indenture, court order or decree, or

otherwise, when and to the extent that the District of Columbia or territory or other state in which such foreign bank or trust company is organized and has its principal office grants authority to serve in like fiduciary capacity to a bank or trust company organized under the laws of, and having its principal office in the State of Texas.

(b) Before qualifying or serving in the State of Texas in any fiduciary capacity, as aforesaid, such a foreign bank or trust company shall file in the office of the Secretary of State of the State of Texas (1) a copy of its charter, articles of incorporation or of association, and all amendments thereto, certified by its secretary under its corporate seal; (2) a duly executed instrument in writing, by its terms of indefinite duration and irrevocable, appointing the Secretary of State and his successors its agent for service of process upon whom all notices and processes issued by any court of this state may be served in any action or proceeding relating to any trust, estate, fund or other matter within this state with respect to which such foreign bank or trust company is acting in any fiduciary capacity, including the acts or defaults of such foreign bank or trust company with respect to any such trust, estate or fund; (3) a written certificate of designation, which may be changed from time to time thereafter by the filing of a new certificate of designation, specifying the name and address of the officer, agent or other person to whom such notice or process shall be forwarded by the Secretary of State. Upon receipt of such notice or process, it shall be the duty of the Secretary of State forthwith to forward same by registered or certified mail to the officer, agent or other person so designated. Service of notice or process upon the Secretary of State as agent for such a foreign bank or trust company shall in all ways and for all purposes have the same effect as if personal service had been had within this state upon such foreign bank or trust company." (Emphasis added)

Subparagraph (a) authorizes a 'foreign bank or trust company, having the corporate power to so act' to be appointed and to serve in Texas in a fiduciary capacity to the extent that the place of such foreign bank's organization permits a Texas bank to act in like capacity in such state.

Subparagraph (b) requires that such bank file certain documents with the Secretary of State before qualifying or serving in Texas in a fiduciary capacity.

You have requested our opinion specifically upon the following three questions:

1. Is your office authorized to file the instruments enumerated in subsection (b) of Section 105a Texas Probate Code?

2. Is your office authorized to charge a fee for filing such papers?

3. Is your office authorized to issue a Certificate of Reciprocity to a foreign bank or trust company which submits such papers for filing?

With respect to the first of these questions, it is our opinion that you are not only authorized but required to accept and file the documents enumerated in subsection (b) when submitted to you by "such a bank or trust company, " as defined in subsection (a) of the statute, that is, a foreign bank or trust company having the power to act in a fiduciary capacity. Although the statute specifically directs itself only to the foreign bank or trust company, directing it to file such documents with your office, there is an implied duty on your office to accept and file such documents. You are not required or authorized to pass on whether a Texas bank or trust company would be permitted by the State of such foreign bank's domicile to act in the specific fiduciary capacity in which "such bank or trust company" seeks to act in Texas; you should, however, satisfy yourself that the institution seeking to file such documents is in fact qualified to act in some fiduciary capacity within the state of its domicile.

With respect to question No. 2, it is our opinion that your office is not authorized to charge such a fee. Section 105(a), Texas Probate Code, does not specifically authorize such a fee, and such authority is not generally implied. Cf. McLennan County v. Boggess, 104 Tex. 311, 137 S. W. 346, answer to certified question conformed to 139 S. W. 1054.

With respect to Question No. 3, it is our opinion that you are not authorized to issue a Certificate of Reciprocity to such foreign bank or trust company, since the statute does not require that you

determine the reciprocity, if any, of the Texas statutes and those of the foreign bank or trust company's domicile. You are, however, authorized to furnish such foreign bank or trust company an instrument indicating that it has filed with you the documents enumerated in subsection (b) of Sec. 105(a) of the Texas Probate Code.

### SUMMARY

The Secretary of State shall file instruments submitted by a foreign bank or trust company in accordance with subsection (b) of Sec. 105(a) of the Texas Probate Code, may not charge a fee for so doing and shall, if requested, furnish said bank or trust company an instrument indicating that said documents have been filed.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
    Coleman Gay, III
    Assistant

CG:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Arthur Sandlin
Henry Braswell
Virgil Pulliam
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee